FILED

NOV 14 2023

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

(SAN ANTONIO DIVISION)

| | |
|---|---|
| Joseph Lloyd Vonallman,   Petitioner, | ) Criminal No. 5:20-CR-00454-OLG(4) ) ) |
| v. | ) ) |
| United States of America,   Respondent. | ) ) ) |

MEMORANDUM OF LAW IN SUPPORT OF PETITIONER'S 28 U.S.C. §2255

---

Here comes the petitioner, pro-se, requesting vacation of his conviction and sentence, and withdrawal of his plea of guilt for the following reasons, and in the interest of justice:

The petitioner request his petition be analyzed under the standard set forth in HAINES V. KERNER, 404 US 519 (1972).

(1)

RELEVANT FACTS OF THE CASE
---

Mr. Vonallman was indicted in the Western District of Texas alongside numerous other individuals in a 10 count Superseding indictment.*1 The petitioner himself was specifically named in counts 8 and 10, which charged him with possession with intent to distribute cocaine in violation of 21 U.S.C. §§841(a)(1) & §841(b)(1)(C), and Felon in possession of a firearm in violation of 18 U.S.C. 922(g). The charges stemmed from a controlled buy of 14 grams of cocaine and a Smith & Wesson gun, where Confidential informant Michael Rios was wired and completed the buy from the petitioner. On November the 3rd, 2022 the petitioner was sentenced to 175 months imprisonment after reaching a plea agreement with the government. An appeal was never filed and this habeas petition follows.


JURISDICTION
---

Under 2255(a) 2255 relief is appropriate for an error of law that is jurisdictional, constitutional, or constitute a fundamental defect which inherently results in a complete miscarriage of justice. 28 U.S.C. §2255(f)(1) requires a petitioner to bring a motion to vacate, set aside or correct his sentence within one year of the date upon which it becomes final. The petitioner's judgment of conviction became final on Nov. 9th, 2022,*2. This motion was placed in the mail on Nov. 2, 2023 (see mailbox rule) and is therefore timely. This Honorable Court's jurisdiction is not lacking.

Note 1 and 2
---

1) Vonallman was never charged in the conspiracy alleged in count 1 as it relates to the Mexican Mafia.(TMM). While it was asserted in the plea agreement that Vonallman was a Lieutenant for the group, it was agreed by both parties that the language would be removed from the plea agreement.
2) The Docket sheet reveals that the petitioner's sentencing fell on November the 2nd, 2022, but that is incorrect. The sentencing occured on the 3rd and the amended Judgement of conviction is dated Nov 9, 2022. Therefore, Vonallman's calculations have been started from that date: Nov. 9, 2022.

## GROUNDS FOR RELIEF

1) Ineffective assistance of counsel for failing to file a timely appeal when requested to do so, in violation of the 6th Amendment of the Constitution.

2) Ineffective assistance of counsel in negotiating the plea agreement by failing to:

   A) Correctly inform petitioner of the correct law in relation to the facts of the case.

   B) Correctly inform petitioner concerning his proposed defense to the case; (entrapment).

   C) Failed to move to have judge recused based upon the appearance of impartiality demonstrated during plea negotiations

## GROUND 1

"failure to file a timely notice of appeal by attorney who has been instructed to do so is per se ineffective," United States v. Nagib, 56 F.3d 798 (7th Cir. 1995); If asked to file an appeal, counsel must do so, even if the appeal would be frivolous or barred. See Anders v. State of Cal., 386 U.S. 738,744, 87 S.Ct. 1396, 18 L.Ed. 2d 493 (1967)(["Counsels] role as an advocate requires that he support his client's appeal to the best of his ability.") In Roe v. Flores Ortega, 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed. 2d 985, (2000), the Supreme Court noted that when counsel disregards specific instructions from the defendant to file a notice of appeal, he acts in a

(3)

manner that is professionally unreasonable. Id. at 477, "if the petitioner is able to demonstrate by a preponderance of the evidence that he requested an appeal, prejudice will be presumed and [he] will be entitled to an out-of-time appeal, regardless of whether he is able to identify any arguable meritorious grounds for appeal[.]" United States v. Tapp, 491 F.3d 263, 266 (5th Cir. 2007).

On November 3, 2022, after receiving an unexpected 175 month sentence, Mr. Vonallman turned to his attorney and told him: "I want to appeal my sentence. File an appeal on my behalf." Mr. Scharff attempted to argue that Vonallman couldn't, yet Vonallman was persistent with his insistence. Mr. Vonallman also told his sisters, Melinda Argumedo, Yvonne Connolly, and Verna Lozano in court and over the phone that he wanted an appeal and make sure his lawyer understood.

After sentencing that day, Vonallman's sister, Verna Lozano, approached attorney Scharff and "went off on him," according to her, concerning the amount of time Vonallman had received. Because the sentence fell well outside what Scharff had previously explained, Mrs. Lozano had words with counsel and told him Vonallman wanted an appeal.*3

On November 4, 2022, Vonallman called his sister Melinda Argumedo from the Karns County jail and asked her to make sure the lawyer understood he wanted to appeal. He also vented to her concerning his disappointment in counsel's performance. When Vonallman called her later that evening, Argumedo related that she'd talked to the lawyer and told him Vonallman wanted the appeal.(see Declaration of Joseph Vonallman). Argumedo explained that despite his request, the lawyer said he couldn't file an appeal. Vonallman asked Argumedo to make sure he still files the appeal.

Note 3
_____

Vonallman has spoken with all his sisters and have gotten their account of what occured. He is in the process of securing affidavits from each of them and will move under Fed.R. Civ.P. 15 to amend when this is completed. Because of his incarceration and lack of knowledge of the law, it was impossible to retrieve these documents in time for filing.

10 days after sentencing, Vonallman was in transit to FCI Limestone. Approximately, in March 2023, Vonallman called Mr. Scharff after being in transit from Limestone to his institution of incarceration. Vonallman was unable to reach him and decided to call the 5th Circuit Court of Appeals to check on his appeal. Vonallman was told there was no appeal ever filed in the case. Vonallman then repeatedly tried to reach Mr. Scharff to no avail. Vonallman eventually concluded that attorney Scharff took his money and abandoned him.

Based on these facts, Mr. Scharff was per se ineffective in violation of the 6th Amendment of the Constitution.

## GUILTY PLEA/WAIVER OF RIGHTS

The petitioner asserts here that his guilty plea was not knowing and voluntary based on misinformation and false assuarances of counsel, and the impartiality of the court itself. (See ground 2(c)).

"A defendant who enters such a plea simultaneously waives several constitutional rights, including his privilege against compulsory self- incrimination, his right to trial by jury, and his right to confront his accusers. For this waiver to be valid under the Due Process Clause, it must be an 'intentional relinquishment or abandonment of a known right or privlege,' <u>Johnson</u> <u>v.</u> <u>Zerbst</u>, 304 U.S. 458, 464, [82 L. Ed. 1461, 1466, 58 S.Ct. 1019, (1938). "It cannot be voluntary "unless the defendant possesses an <u>understanding of the law in relation to the facts</u>" Id., at 425.

(5)

GROUND 2

2(A) Ineffective assistance of counsel during the plea bargaining process.

The petitioner received critical misinformation concerning sentencing exposure and other matters related to the plea bargain itself. At the outset, the petitioner asserts that his proposed defense to counts 8 and 10 was that he was innocent by way of entrapment. Nevertheless, he was misinformed concerning the defense and made to believe that he had no other choice but to plea guilty.(see exhibit A, Declaration of Vonallman).

Specifically, counsel assured Vollaman that his responsiblity, as far as relevant conduct was concerned, stretched <u>only to conduct alleged in the plea agreement</u> in which he pled. Otherwise, Vonallman was unwilling to plea. Id.

The court related all the statutory provisions of both counts of conviction, yet counsel assured Vonallman that he wouldn't be held responsible for the acts of the Mexican Mafia, (TMM), or any other count in the indictment.(Id. at A-29). There is no doubt Mr. Vonallman was set for trial until counsel assured him that he had no defense by claiming he'd been entrapped unless he was a "law abiding citizen," Id. at A-21, leaving the petitioner with little choice but to plea. Nevertheless, Vonallman still resisted counsels calls that, "you are a criminal, except it." Vonallman was unwilling to accept a plea of guilt and only did so under the false belief that he'd do little more than 10 years, if that. Id. at A-33. This contention is corroborated by counsel's own words to the government. (See exhibit B, E-mails of attorney Scharff and government).

The e-mails prove Vonallman expected no more than 10 years and counsel related the fact to the government, emphasizing, "I asked in the past about putting a cap?" During the 2 meetings counsel had with Vonallman at the Karns county jail, Scharff informed Vonallman that he wouldn't have to worry about any other drugs aside for what was alleged

(6)

in count 8. (this was incorrect)*4 Scharff also told the petitioner that he'd receive little more than 10 years, if that. Under that understanding the petitioner agreed to plead guilty.( also based on counsel's incorrect information that Vonallman had no defense to the charge).

Here, the plea was involuntary and unknowing due to the cumulative effect of counsel's misrepresentations and failure to object. A plea is voluntary only if it does not result from force, threats, <u>improper promise, misrepresentations, or coercion.</u> See <u>United States v. Amaya</u>, 111F.3d 386, 389 (5th Cir. 1997). "A guilty plea is invalid if the defendant <u>does not understand</u> the nature of the constitutional protection that he is waiving <u>or</u> if he has sucha an incomplete understanding of the charges against him that his plea cannot stand as an admission of guilt." <u>Lord</u>, 915 F.3d at 1016.(citation omitted).

Vonallman understood that he would face time for the drugs in count 8, an understanding improperly fostered by counsel. The promise was made by counsel Scharff, we were speaking at the Karns count jail on two occasions. These conversations occured at those meetings and on November 3, 2022.(sentencing). "for a defendant seeking habeas relief on the basis of alleged promises inconsistent with representations he made in open court, he must prove 1) the exact terms of the alleged promise, 2) exactly when, where, and by whom the promise was made, and 3) the precise identity of the eyewitness to the promise." <u>United States v. Cervantes</u>, 132 F.3d 1106, 1110 (1998). Vonallman submits that the conversations were lawyer/client, nevertheless, he informed his sisters Melinda Argumedo, and Verna Lozano that the lawyer told him he was facing only 10 years.

<u>Note 4</u>
_____

It should be noted that counsel told petitioner that the association to the Mexican Mafia by way of "Lieutenant" reference would be removed from the plea agreement. Vonallman also understood that he held no responsiblity for any other counts involving the group. Scharff repeatedly affirmed that he had to worry only about counts 8 and 10.

(7)

Incidents that happened at the court were in the presence of the judge, prosecutor, court reporter. Nonetheless, Vonallman understands: when a 2255 movant brings a claim that is at odds with his sworn testimony, he must independently corroborate his allegations. See United States v. Gonzalez, 139 F.3d 899, 1998 WL 127868, at 2 (5th Cir. 1998)(per-curiam)

Unlike a lawyer's predictions, here counsel <u>assured</u> Vonallman of certain facts in order to get him to plead to a charge he initially wanted to contest. If Vonallman knew the lawyer's assertions were false, he would've demanded trial with his entrapment defense. See Armstead v. Scott, 37 F.3d at 206 (citation omitted)(5th Cir.). Therefore, counsel provided ineffective assistance during the plea bargaining process.

B)

Counsel incorrectly informed petitioner as it came to his entrapment defense and applicability of impeachment evidence as it pertained to Michael Rios, the government informant in the case. The misinformation caused Vonallman to plea to a charge he was actually innocent of and a plea he would not have made had counsel properly instructed him.

Vonallman apprised counsel early on of the details surrounding his association with Michael Rios, the government's paid informant. Counsel was told that Michael Rios had a daughter with Melissa Campos, the same woman in which Vonallman has a son, Joseph Jr. Counsel was told initially in court and at the 2 conferences held at the holding facility Vonallman was being held.

Scharff was alerted that Vonallman and Michael Rios had been rivals for many years due to the relationship they shared with the same mother of their child. In fact, Vonallman related how he was arrested between 2006 and 2007 for allegedly shooting up Michael Rios'

(8)

vehicle. During those years the pair clashed numerous occasions, and counsel was told of the situation. Counsel was told that Vollaman had previously spent time in federal prison, 2008-2013, for distributing cocaine and Michael Rios was aware of this fact. The petitioner explained to counsel that he'd not been engaged in any drug trafficking since he was released in 2015. *5

Therefore, when the government's C.I. repeatedly called him asking to be sold cocaine he refused. After the 6th call, Michael Rios was clearly desperate and urged Vonallman: "I need you to do this one time for me," and "Lets let bygones be bygones." Vonallman was pressured to do something he'd repeatedly declined, yet capitulated only because Rios made it appear as if he was in some trouble or other. Confirming this fact, Rios also asked to buy a pistol. Against his better judgment Vonallman capitulated.

Vonallman explained to attorney Scharff that the police records or discovery would show the number of time the Confidential Informant had to call in order to persuade him. This will show Vonallman was not predisposed to commit the crime. Counsel told Vonallman that: 1) the relationship between the C.I. and Vonallman's baby mother would not be admissable at trial, and 2) He couldn't assert an entrapment defense unless he was a "law abiding citizen" with no criminal record. Because it was Vonallman's belief that he was entrapped, he argued long with his attorney in the Karn's visiting room. Only after being repeatedly told that he couldn't make the defense because of the mentioned factors, Vonallman asked counsel to look into a plea bargain. It wasn't until Vonallman did his research in prison did he find that he was incorrectly instructed.

---

Note 5

Vonallman eventually repaired his relationship with Michael Rios. This occured shortly after he was released from prison in 2015. Because there were children involved and Vonallman moved on to another relationship, he and Rios stopped fighting one another.

"Entrapment occurs when the criminal design originate with the government officials and they implant in the mind of an innocent person the disposition to commit the offense or induce its commission, so that they may prosecute him." See Streaty v. United States, 2021 U.S. Dist Lexis 25001 (5th Cir.), and Sorrells v. United States, 287 U.S. 435, 442, 53 S.Ct. 210, 77 L.Ed. 413, (1932).

The petitioner hadn't sold drugs since late 2007 before he was incarcerated. It had been 13 years and his lack of predisposition is clear from the repeated attempts by the 'government agent' to induce him to help him, because "I'm in a jam and need this desperately." Surely a person whom was previously convicted of a crime could bring an entrapment defense if he were innocent of the instant offense but for the government's inducement. Yet, counsel proclaimed the law didn't allow such an event. In fact, counsel adamantly proclaimed that because Vonallman was not a "law abiding" citizen in the past, he wouldn't be allowed to advance the argument in this case. These advisements were incorrect. The lack of defense, coupled with counsel assurance that he'd serve little over 10 years, and that he'd not be responsible for the relevant conduct connected to the TMM induced Vonallman to plead guilty based on the misrepresentations. In doing, counsel's actions amounted to ineffective assistance of counsel. Prejudice is shown because Vonallman wouldn't have pled guilty otherwise.

Furthermore, counsel's advisement that the relationship between the C.I. and Vonallman wouldn't be admissible at trial was also incorrect. Like the defendant in Giglio v. United States, 405 U.S. 150 (1972), the government's case against Mr. Vonallman "depended almost entirely," on the testimony of Michael Rios and evidence of an impeaching nature would've been critical at trial. Surely Rios' past troubles with the petitioner

would've been admissible under the rules of evidence. Also compare: <u>United States v. Miller</u>, 520 F.3d 504, 515 (5th Cir. 2008)(finding undisclosed referral letter material to witness credibility). Here, Vonallman had an extensive past with the governments informant; one in which a jury might've concluded Rios had reason to entrap Vonallman and a motive to lie. Nevertheless, Vonallman asserts that the misinformation he received caused him to plea guilty to the charges by the misrepresentation that he was prohibited from bringing an entrapment defense and that the confidential informant couldn't be impeached with facts of his past trouble with Vonallman. It is clear, attorney Scharff rendered constitutuionally ineffective assistance in this case. Had he not done so, Vonallman wouldn't have pled guilty but opted to exercise his trial right.

C.            The Judge in this case should have been recused.
              Counsel's failure to object was ineffective assis-
              tance of counsel in violation of the 6th Amendment

It has been established in law that a judge has no place in the plea-bargaining process. In the initial stages of this case, and at sidebar on November 3, 2022, the judge in this case improperly interfered in this case. See Exhibit __A__, declaration of Vonallman). Specifically, at sidebar, counsel had a discussion with the judge and prosecution. When he returned to the defense table, counsel wrote a note and slid it to Vonallman. The note read: "the judge wants you to consider cooperating." Vonallman then angrily slid the note back and said: "I told you" (referencing the first time Scharff had brought the proposition up at their first meeting. At the time, Vonallman

(11)

didn't understand that under 28 U.S.C. § 455(a)(any justice, judge, or magistrate shall disqualify himself or herself in any proceeding if impartiality might reasonably be questioned. Also, recusal is proper in cases, involving actual bias, a probability of of bias, or personal knowledge--- Therefore, the court's urging for the defense to "cooperate" was not only improper, but showed a bias in the government's favor. Even before the petitioner was considering the plea-bargain, the court sought to persuade him to "cooperate" (according to attorney Scharff). Instead of attempting to goad Vonallman using the judges suggestions as leverage, counsel should've correctly informed the petitioner of the applicable law, moved to have the judge recuse himself, and filed a notice of appeal that Vonallman requested.

For these reasons, Petitioner's plea was involuntary and unknowing and he received ineffective assistance of counsel in violation of the 6th Amendment of the constitution.

## Relief Requested

The petitioner request vacation of his conviction and sentence

I Joseph L. Vonallman, swear under penalty of perjury that the foregoing is true and correct to the best of my personal belief and knowledge *[signature: Joseph Vonall——]*

11/2/23
Date

(12)

## CERTIFICATE OF SERVICE

I, Joseph Lloyd Vonallman hereby certify that I place a copy of the foregoing 2255 in the institutional mail system, postage pre-paid, on November 2, 2023.

_____ (Mailbox Rule)(filed 11/2/2023)

11/2/23
Date

DECLARATION OF JOSEPH LLOYD VONALLMAN

I, Joseph L. Vonallman affirm the following under penalty of perury:

1) On Nov. 3, 2022 after receiving 175 months in court, I told my lawyer: "I want to appeal my sentence. File an appeal on my behalf"

2) After I was sentenced, on Nov 3, 2022, I told my sisters, who were in the courtroom: "don't worry, the lawyers gonna appeal, it's alright"

3) I learned on Nov. 4, 2022 that my sister, Verna Lozano, "went off" on the lawyer after sentencing. Specifically, she was upset because none of us expected the sentence that I got. The lawyer had repeatedly told me I did not have to worry.

4) My sister Verna told the lawyer on Nov. 3rd that "my brother wants an appeal"

5) On Nov. 4, 2022, I called my sister Melinda Argumedo from the Karns county jail and told her to make sure the lawyer understood I wanted an appeal.

6) Later that evening, melinda Argumed related that she spoke with Scharff and related Vonallman's request

7) 10 days after sentencing, I was in transit to FCI Limestone.

8) By march, 2023, I was at U.S.P. Pollock

9) I was unable to reach my attorney by phone and 2 letters. I concluded that counsel had simply taken my money and abandoned me.

10) In the initial stages of the case, I had approximately 3 lawyer/client meetings with attorney scharff at the Karns county Jail.

1 of 6          Exhibit A          J-V

12) At the first meeting, I explained to counsel my relationship with confidential informant Michael Rios.

13) I told him that Michael Rios had once wanted me out of the way for years, because he and I both have a child by Melissa Campos

14) I told Scharff how I'd been arrested for allegedly shooting up Rios' car and explained numerous other incidents in the past that we'd had with one another

15) I told counsel that it wasn't until 2015 that we'd stopped beefing with each other over Campos.

16) I told counsel that I wanted to go to trial with an entrapment defense.

17) I believed Michael Rios entrapped me based upon the fact that he knew I wasn't into selling drugs any longer, yet coerced me to help him.

18) Michael Rios called me at least 6 times urging me to help him out cause he'd gotten into a jam and needed it desperately.

19) Rios pleaded with me, stating "I need you to do this for me. Let's let bygones be bygones"

20) Because of Rios repeated urgings, and because I wanted to help him out of the trouble he'd gotten into, I sold him a pistol and secured the drugs that he'd requested.

21) After explaining the entire situation to my attorney on the first visit, he told me:
1) the relationship between Rios, you and your child's mother would not be admissible at trial.
2) That he couldn't use the entrapment defense at trial unless Vonallman was a "law abiding citizen with no criminal record" and "You're a criminal, you can't argue entrapment under the rules"

22) Counsel also told me that: "The prosecution and Judge all think you should cooperate"

23) Frustrated and pressured, I told Attorney Scharff that I have no intention on cooperating.

24) Counsel asked about a plea-bargain next. I told him I wouldn't take more than 10 years.

25) The meeting ended and I seen Mr. Scharff weeks later at the second visit.

26) Counsel told me "I got a plea deal for counts 8 and 10. You'll be responsible, as far as relevant conduct is concerned, for the conduct alleged in the plea only"

27) I was still unsure, and said: "what does that mean?"

28) Counsel answered: "the dope and the gun you sold to the C.I. That is all you will be responsible for.

29) Counsel also stated that I wouldn't be held responsible for anything related to the Mexican Mafia.

30) Later, when he showed me the plea agreement, I pointed out the reference that I was a lieutenant for the mexican mafia. Counsel responded: "We'll get that taken out"

31) I asked him about the condition that I serve no more than 10 years. Counsel stated: "They wouldn't cap your sentence, but the maximum is 10 years and that's with the little dope you sold."

32) I asked what I was looking at?

33) "A little over 10 years with the probation, if that" Counsel Scharff responded.

34) Because of counsel's urgings and statements made by counsel concerning the law and the Judges statement, I pled guilty.

35) Prior to getting my sentence the Judge had a side bar after turning off the microphone and going off the record. When my attorney returned, he scribble a note and passed it to me. It said: "the Judge wants you to consider cooperating." I pushed the note back to counsel, and angrily stated: "I told you"

36) I am telling the truth and my account can be seen on the courtroom's camera.

37) I wouldn't have Pled guilty but for the pressure and misrepresentations.

I, Joseph L. Vonallman swear under penalty of perjury that the foregoing Declaration is true and correct to the best of my personal belief and knowledge. *[signature]*

11/2/23
Date.

6 of 6

Alex,

FYI, I sent a draft off to asset forfeiture for their review. It occurs to me that the initial sale of a gun with cocaine would *also* qualify for a 924(c) offense, so he could conceivably face a mandatory +10 years on top of whatever he gets on the drug count. Just some food for thought.

Have a great weekend,
Eric

**From:** Alex Scharff <alex@shawnbrownlaw.com>
**Sent:** Monday, February 14, 2022 3:42 PM
**To:** Yuen, Eric (USATXW) <EYuen1@usa.doj.gov>
**Subject:** [EXTERNAL] Re: Joseph Vonallmen

Vonallmen is looking for something that allows me to argue for 10 years. Being a career offender doesn't help. I asked in the past about putting a "cap" on the number of years and you declined. I'm open to sugestions.
Sincerely,

Alex J. Scharff
Attorney
Law Offices of Shawn Brown
540 South Saint Mary's St.
San Antonio, TX 78205
Phone: 210-224-8200
Fax: 210-224-8214
Alex@ShawnBrownlaw.com



The Law Office of
Shawn C. Brown, P.C.
www.shawnbrownlaw.com
210-224-8200

Exhibit B

---

**From:** Yuen, Eric (USATXW) <Eric.Yuen2@usdoj.gov>
**Sent:** Friday, February 11, 2022 12:52 PM
**To:** Alex Scharff <alex@shawnbrownlaw.com>
**Subject:** RE: Joseph Vonallmen

Alex,

I have been trying to get through the pile of plea offers I need to extend in this case—I haven't forgotten about your guy. Unfortunately, I have been occupied with preparing for trial (with a bonus motion to suppress), so I haven't gotten to it yet.

If you have a sense of what his concerns/wishes are, other than simply getting the shortest sentence possible, please let me know so that I can consider whether to consider them while drafting.